NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GKE ENTERPRISES, LLC t/a MAZDA OF LODI, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR CREDIT COMPANY LLC USA, ET AL., <br><br> Defendants. | Civil Action No.: 09-4656(JLL) <br><br> OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Ford Motor Credit Company, L.L.C.'s ("Defendant" or "Ford") motion to dismiss all counts of Plaintiff GKE Enterprises, LLC's ("Plaintiff" or "GKE") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is granted.

**I. Background**

GKE operates a car dealership in Lodi, New Jersey pursuant to a franchise agreement with non-party Mazda Motor Corporation ("Mazda"). (Compl. Attached as Exhibit A ¶¶ 2-3.) Ford is a limited liability company that is registered in Delaware and has its principal place of

1

business in Dearborn, Michigan. (Id. at ¶ 4.) Ford is in the business of automobile sales financing, and provides floor plan and other financing arrangements to new motor vehicle dealers to purchase inventory. (Id. at ¶¶ 4-5.) GKE alleges that, prior to September 2008, it had a good relationship with a third party lender. (Id. at ¶ 7.) GKE further alleges that, prior to September 2008, Ford "continually and relentlessly" solicited the company's business, representing that a relationship with Ford "would be longstanding and financially beneficial." (Id. at ¶ 9.) On September 10, 2008, GKE and Ford entered into a floor plan financing agreement. (Id. at ¶ 10.) GKE alleges that it entered into the agreement because of Ford's representations about the relationship. (Id. at ¶ 9.)

On September 24, 2008, Mark Muller, an Executive Vice President for Ford, sent GKE a letter stating that Ford and Mazda had "agreed to Mazda securing its own financial services sources for dealers..." (Id. at ¶ 13.) On September 29, 2008, Alisa D. Sprott, the Territory Sales Manager for Ford, sent another letter to GKE stating:

> [W]e believe it is in the best interests of [Ford] that you make prompt arrangements with another finance source to obtain wholesale financing accommodations and to retire all of your obligations with [Ford]. This should be done as soon as possible and, in any event, no later than January 2, 2009.

(Id. at ¶ 14.) GKE asserts that Ford did not advise of any adverse consequences in the event GKE failed to obtain alternative financing by January 2, 2009. (Id. at ¶ 15.) One day later, on September 29, 2008, Ford sent a bulletin to Mazda dealerships that stated in relevant part:

> We will maintain the plans and programs you have told us are the most important to your business success. As we have been since 1959, [Ford] is committed to our dealers and we know that our success is a product of your success. We will continue working together and will continue providing you the most competitive financing package in the industry. Thank you for your support.

(Id. at ¶ 16.)

On August 17, 2009, GKE initially filed this action seeking compensatory, consequential, treble, and punitive damages against Ford in the Superior Court of Bergen County, New Jersey. (Def's Exh. A). In its Complaint, GKE asserts eight causes of action against Ford : (1) breach of contract; (2) breach of the implied duty of good faith and fair dealing; (3) unjust enrichment; (4) intentional, malicious, or negligent conduct that disrupted business relationships ("tortious interference"); (5) violation of the New Jersey Consumer Fraud Act (NJCFA), NJSA 56:8-1, et seq., and common law fraud; (6) fraudulent, intentional and bad faith acts; (7) misrepresentation; and (8) fraudulent inducement. (Compl. at ¶¶ 21-52). On September 10, 2009, Ford removed the action to this Court based upon diversity of the parties pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Def's Br. at 2.) On September 28, 2009, Ford filed the instant motion to dismiss. On October 19, 2009, GKE filed an opposition to the motion in which it withdrew is third claim (alleging unjust enrichment), its sixth claim (alleging bad faith and fraud), and a portion of its third claim (portion alleging that Ford violated New Jersey's Consumer Fraud Act). (Pl.'s Br. in Op'n. at 7-13.) The remaining causes of actions are now before the Court.

**II. Legal Standards**

For a complaint to survive dismissal under Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id.

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-

moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). While "[t]he pleading standard [Fed. R. Civ. P. 8(a)(2)] announces does not require detailed factual allegations, [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (internal citations omitted). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III. DISCUSSION

#### A. First Count: Breach of Contract

To state a claim for breach of contract, a plaintiff must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing there from; and (4) that the party stating the claim performed its own contractual obligations. Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007).

Plaintiff's first count alleges that: (1) Plaintiff has fulfilled its contractual obligations with Ford (Compl., ¶ 22); (2) Ford's actions constitute substantial breaches of the contract (Id. at ¶ 23); and (3) Plaintiff has been, and will continue to be, harmed as a result of said breach (Id. at ¶ 24). Although the Court draws all reasonable inferences in favor of the Plaintiff, such conclusory allegations and legal conclusions will not suffice to raise Plaintiff's right to relief above the speculative level. See generally Twombly, 127 S.Ct. at 1964-65; Chemtech Intern., Inc. v. Chem. Injection Tech., Inc., 170 Fed. Appx. 805, 808 (3d Cir. 2006) ("While a plaintiff may rely on the

4

court to draw all reasonable inferences in his favor at the Rule 12(b)(6) stage, a plaintiff who relies on the court to fill in the blanks for all of the information missing in his complaint does so at his peril."). For instance, the Complaint neither alleges which provision of the contract Defendant breached, nor how Defendant breached it. See, e.g., id. ("Stating that a contract was breached is stating a legal conclusion. Stating that a document was signed, that the document called for certain performance, and that performance did not occur are all factual allegations that would underpin this legal conclusion.") Rather, Plaintiff has offered a formulaic recitation of the elements of a breach of contract claim with absolutely no facts – at all – in support of this breach. Plaintiff has, therefore, failed to put the Defendant on notice as to the substance of this claim. See Fed. R. Civ. P. 8(a)(2). Plaintiff's breach of contract claim is, therefore, dismissed without prejudice. See, e.g., Chemtech Intern., Inc., 170 Fed. Appx. at 808 (dismissing breach of contract claim and noting that "[t]o adequately state a claim for breach of contract under Rule 12(b)(6), Chemtech had to do more than simply assert that CIT 'breached' or 'revoked' a contract.").

**B.    Second Count: Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's second count alleges that: (1) Ford impliedly covenanted to deal fairly and in good faith with Plaintiff (Compl., ¶ 26); (2) Ford's actions and inactions were in bad faith and for an improper purpose (Id., ¶ 27); and (3) therefore, constitute breaches of the implied covenant of good faith and fair dealing (Id.). Defendant argues that the claim is deficient for failure to allege that any of the conduct identified was fueled by bad faith or ill motive.

Under New Jersey law, all contracts include an implied covenant that the parties to the contract will act in good faith. Gehringer v. Atlantic Detroit Diesel Allison, LLC, 2009 U.S. Dist. LEXIS 23579 (D.N.J. Mar. 23, 2009) (Linares, J.); see also, e.g., Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 690 A.2d 575, 587 (N.J. 1997). The covenant "mandates that

5

'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" Seidenberg v. Summit Bank, 348 N.J. Super. 243, 254, 791 A.2d 1068 (App. Div. 2002) (quoting Sons of Thunder v. Borden, Inc., 148 N.J. 396, 420, 690 A.2d 575 (1997)). Warning against overly broad constructions of the covenant of good faith, the New Jersey Supreme Court held that "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." Brunswick Hills Racquet Club, Inc. v. Rte. 18 Shopping Center Assoc., 182 N.J. 210, 231, 864 A.2d 387 (2005).

Plaintiff's complaint fails to allege why under the facts specific to this case early termination of the contract was in bad faith. In short, the claim for breach of the implied covenant of good faith and fair dealing fails to state a claim under Rule 8(a), under the standard articulated by Twombly and Iqbal, and must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C.   Fourth Count: Tortious Interference

Plaintiff's fourth count alleges that: (1) Ford's intentional, malicious, and/or negligent conduct; (Compl. ¶ 33); (2) disrupted Plaintiff's business and impaired and/or destroyed future business; (Id.); and (3) therefore, diminished and/or eliminated present and future earnings. (Id). Defendant argues that Plaintiff's allegations "are wholly conclusory, merely recite legal conclusions, and are otherwise insufficient to state a claim." (Def. Br. at 21).

Under New Jersey law, to state a successful claim for tortious interference, Plaintiffs must demonstrate that: (1) Plaintiffs were in "pursuit of business," (2) Defendant interfered intentionally and with malice, (3) Defendant's interference caused the loss of prospective gain,

6

and (4) that such loss was the proximate cause of Plaintiffs' injuries. Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 751-752, 563 A.2d 31 (1989).

In opposition to Defendant's motion, Plaintiff directs the Court to four paragraphs in its complaint. Plaintiff argues that these paragraphs sufficiently allege each of the elements of tortuous interference. The Court has reviewed each paragraph and finds that said paragraphs are merely "threadbare recitals of the elements of [a tortuous interference claim]" and, therefore, are insufficient to survive a motion to dismiss. In short, the claim for tortious interference fails to state a claim under Rule 8(a), under the standard articulated by Twombly and Iqbal, and must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**D.     Fifth Count: Common Law Fraud**

To state a claim for fraud under New Jersey law, a plaintiff must establish: (1) a material misrepresentation or omission of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity or knowing the omission to be material; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610, 691 A.2d 350 (1997) (citing Jewish Ctr. of Sussex County v. Whale, 86 N.J. 619, 624-25, 432 A.2d 521 (1981)).

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The purpose of the heightened pleading standards is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007); see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F. 2d 786, 791 (3d Cir. 1984) (The purpose of the rule is to "place the defendants on notice of the precise

misconduct with which [i]t is charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.") "To satisfy this heightened standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico, 507 F.3d at 200. "Further, the plaintiff must allege who made the purported misrepresentations and what specific misrepresentations were made." Id.

Plaintiff argues that the following language sufficiently pleads a claim for fraud: "prior to entering into the Agreement, [Ford] was aware it would terminate its relationship with Mazda Motor Corporation and failed to disclose this material fact to Plaintiff." (Complaint at ¶ 12; See also Def.'s Br. at p. 12). The Court finds that this language does not meet the particularity contemplated by Fed. R. Civ. P. 9(b). For instance, Plaintiff's Complaint does not specify the alleged material misrepresentation (or omission) at issue, who made the misrepresentation (or omission), when the misrepresentation (or omission) was made, or how the misrepresentation (or omission) was made. See, e.g., In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (noting that plaintiffs averring securities fraud claims must specify "'the who, what, when, where, and how: the first paragraph of any newspaper story.'"). Accordingly, Plaintiff's common law fraud claim – as currently drafted – fails to comply with Rule 8(a)(2) inasmuch as it fails to give Ford fair notice of what the claim is and the specific grounds upon which it rests. See Twombly, 127 S.Ct. at 1964. Because Plaintiff's common law fraud claim does not meet the Rule 8 standard, it clearly fails to meet the heightened pleading standard of Rule 9(b). The Fifth Count of Plaintiff's Complaint is therefore dismissed without prejudice.

### E. Other Claims Sounding in Fraud

Plaintiff's remaining claims both sound in fraud. Plaintiff's Seventh Count is for "misrepresentation" and its Eighth Count is for "fraud in the inducement. The Third Circuit has held that because the heightened pleading requirement of Rule 9(b) applies to "averments of fraud," it requires a court "to examine the factual allegations that support a particular legal claim." Shapiro v. UJB Financial Corp., 964 F.2d 272, 288 (3d Cir.1992). More specifically, where "the plaintiff grounds [his claims] in allegations of fraud – and the claims thus 'sound in fraud'– the heightened pleading requirements of Rule 9(b) apply." In re Suprema Specialties, Inc. Securities Litig., 438 F.3d 256, 270 (3d Cir.2006). Thus, a plaintiff cannot escape Rule 9(b) by alleging claims that do not traditionally involve fraud; rather, the test is whether the particular claim alleged in this matter sounds in fraud. If so, the pleading is subject to 9(b).

Here, Plaintiff's "misrepresentation" claim and "fraud in the inducement" claim undoubtedly reference allegations of fraud and purportedly rely upon allegedly false representations made by Defendant. Thus, because these claims sound in fraud and are subject to Rule 9(b)'s heightened pleading requirement, said claims are dismissed without prejudice for same reasons as Plaintiff's common law fraud claim.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion in GRANTED. An appropriate order shall accompany this opinion.

DATED: May 26, 2010

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE

9